Susan Martin (Az#014226)
Daniel Bonnett (Az#014127)
Jennifer Kroll (Az#019859)
Martin & Bonnett, P.L.L.C.
4647 N. 32nd Street, Suite 185
Phoenix, AZ 85018
Telephone: (602) 240-6900; Facsimile: (602) 240-2345
smartin@martinbonnett.com
dbonnett@martinebonnett.com
jkroll@martinbonnett.com

Meenoo Chahbazi (Az#029568)
Chahbazi Law PLLC
4742 N. 24th Street, Suite 300
Phoenix, AZ 85016
Telephone: (602) 282-5868
mc@employeelawoffice.com
*Attorneys for Plaintiff and the Putative Class*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Ioana Samartinean, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br>vs.<br><br>Dog Butlers LLC; Jayce McQuerter; Adam Gaston; Tahnya Gaston (formerly known as Tahyna Kathryn Gubler), husband and wife; Saint Louis Dog Butler LLC; Wags Dog Walking & Pet Sitting LLC; Austin Dog Butler LLC; Wags Walkers Aus, LLC,<br><br>  Defendants. | CASE NO. 2:19-cv-05351-DLR<br><br>PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT<br><br>Final Fairness Hearing<br>June 29, 2021 @ 11:00am MST |

## I. Introduction

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Order of this Court dated April 27, 2021 (Doc. 101) preliminarily approving the class action Settlement Agreement, and certifying a Settlement Class in accordance with the provisions of the Settlement Agreement (Doc. 100-3 at 2-27), Named Plaintiff, on behalf of herself and the Settlement Class Members,[1] hereby respectfully requests that the Court grant Final Approval of the Settlement Agreement to resolve the claims in this case. This motion is supported by the June 22, 2021 Declaration of Daniel Bonnett in Support of Motion for Final Approval of Class Action Settlement ("6/22/21 Bonnett Decl.") and two earlier declarations filed by Daniel Bonnett (the "4/27/21 Bonnett Decl." (Doc. 100-2) and "6/8/21 Bonnett Decl." (Doc. 105) with attached exhibits), the June 8, 2021 Declaration of Meenoo Chahbazi (the "Chahbazi Decl."), the June 8, 2021 Declaration of Ioana Samartinean (the "Pltf. Decl.") and the record before the Court.

The facts of this case, the claims asserted by Plaintiff on behalf of herself and the Settlement Class, and procedural history of the case are set forth in parties' Joint Motion for Preliminary Approval (Doc. 100 at 2-3 & 5-9). On April 27, 2021, the Court preliminarily approved the Settlement Agreement in this matter, certified a Settlement Class, approved the form and content of the Class Notice, and authorized distribution of the Class Notice to Settlement Class Members (the "Preliminary Approval Order"). Doc. 101. Pursuant to the Court's Preliminary Approval Order, Plaintiff and Class Counsel filed their motion for approval of an award of attorneys' fees, costs, expenses, and a Service Award to the Named Plaintiffs on June 8, 2021 (Doc. 104).

The Court granted preliminary approval to the settlement on April 27, 2021 finding that the Settlement appears to be fair, reasonable, adequate, and is in the best interests of the Settlement Class Members. (Doc. 101). Nothing has occurred since preliminary approval to undermine that finding. Quite the contrary, after distribution of the Class

---

[1] Capitalized terms have the meanings set forth in the Settlement Agreement (Doc. 100-3).

1

Notice, all Settlement Class Members were sent the Class Notice containing their estimated individual settlement amounts and all Settlement Class Members whose mail was returned as undeliverable were contacted, located and provided with their Class Notice. 6/22/21 Bonnett Decl., ¶ 8. The Settlement Amount is $310,000.00 to be paid by Defendants in three installments over a period of 9 months commencing 60 days after Final Approval. The deadline to file objections or opt out of the settlement was June 15, 2021. No Settlement Class Member has opted out or objected to the Settlement Agreement or the Motion for Award of Attorneys' Fees, Cost, Expenses and Service Award to Named Plaintiff. 6/22/21 Bonnett Decl. at ¶ 10.

## II.   Terms of the Settlement

The key terms of the Settlement Agreement were set forth in parties' Joint Motion for Preliminary Approval (Doc. 100 at 2-5). As the Court will recall, the Settlement Agreement provides for both a Settlement Amount of $310,000.00 and a Plan of Allocation which provides for distribution of $132,002.50 to be paid to the 67 Settlement Class Members ($42,780.33 to FLSA Class Members and $92,599.17 to the Rule 23 Class Members). 4/27/21 Bonnett Decl., ¶¶ 23-27; Doc. 100-2 at 6-7. In addition, the Settlement provides for a $10,000.00 service award to the Named Plaintiff and $167,997.50 to be paid to Class Counsel for attorneys' fees, costs and expenses as approved by the Court. 6/22/21 Bonnett Decl., ¶¶ 30-31. Neither the Service Award nor the requested attorneys' fees, costs and expenses will reduce Settlement Class Members' recovery because they were calculated and negotiated separately on a discounted lodestar basis. 6/22/21 Bonnett Decl.¶ 31; 6/8/21 Bonnett Decl. ¶¶ 51-52; Pltf. Decl. ¶ 23. Under the terms of the Settlement Agreement, Defendants will make payments to Settlement Class Members, the Service Award and attorneys' fees, costs and expenses awarded by the Court in three separate installments. 6/22/21 Bonnett Decl. ¶ 29.

### A. Class Member's Individual Settlement Amounts

Each Settlement Class Member's Individual Settlement Amount is calculated based on their hourly rate of pay and assumptions and reasonable estimates of all hours

worked. These estimates take into account the fact that Defendants paid each Pet Care Provider a set amount per visit to each customer's home, and that Plaintiff alleges there were numerous "off-the-clock" activities Class Members were expected to perform and did perform causing wages for many to fall below the applicable minimum wage. By way of example, individuals were paid a set amount of compensation for overnight stays at customers' homes and were not compensated on an hourly basis. Additionally, Plaintiff estimated that there was a maximum of 20 minutes of uncompensated time per visit when factoring in driving between job sites, searching for and locating lock box to gain entry, accessing Dog Butler's smartphone applications to enter required data and photos, providing updates about customers' pets and filling out other required reports. 4/27/21 Bonnett Decl., ¶¶ 17-20. Defendants claimed that the uncompensated time was at most, *de minimis* and that much of the overnight time was not spent working but rather overnight Pet Care Providers had unrestricted time in customer homes without any responsibilities. Defendants also maintained that the Pet Care Providers agreed to be compensated on a per-task basis and were appropriately compensated in that manner for all work performed.

Because of the lack of accurate, contemporaneous time records tracking all hours worked, a formula was devised using the best reliable data and anecdotal evidence available. This formula, set forth in the Plan of Allocation, provides a proportional share of the recovery based on the following damages model:

> 1) for each non-overnight assignment beginning in October 2016 and thereafter, each Settlement Class Member will receive ten minutes of extra compensation calculated at $14.00 per hour for the FLSA Opt-In Class Members, and at the actual wage rates for the Rule 23 Class Members (ranging from $14.00 - $18.00 per hour)
> plus
> 2) for each overnight assignment, each Settlement Class Member will receive 12 hours of additional compensation minus $50.00, which is, on average, the amount Defendants paid them for the assignment. The 12 hours will be calculated at $14.00 per hour for the FLSA Opt-In Class Members, and at the actual wage rates for the Rule 23 Class Members (ranging from $14.00 - $18.00 per hour).

3

Because this is an "off-the-clock" case where there was incomplete or questionable data for some Settlement Class Members, the Plan of Allocation provides that all Settlement Class Members will receive at least a minimum of $100, which is compensation for more than 7 hours of additional, unpaid work at $14.00 per hour. 4/27/21 Bonnett Decl., ¶ 22. The Settlement results in an average recovery of approximately $1,970.00 for each Settlement Class Member with a range of $100.00 on the low end (for individuals for who no reliable data could be located and who had no independent recollection of the precise number of overtime or unpaid hours worked) to significantly larger amounts for those individuals for whom there was reliable data showing non-payment of required overtime, unpaid time or compensation below minimum wage. *See* Doc. 100-03 at 26. The allocation formula is fair and reasonable.

**B. Service Award for Named Plaintiff**

As detailed in Joint Motion for Preliminary Approval (Doc. 100), Plaintiff's and Class Counsel's Motion for Award of Attorneys' Fees, Costs, Expenses, Service Awards, and supporting Bonnett, Chahbazi and Plaintiff's declarations (Docs. 104, 105, 16 and 107), Class Counsel is requesting a Service Award of $10,000.00 to the Named Plaintiff who was of immense help and invaluable assistance throughout the lawsuit. The Service Award, if approved by the Court, will be paid out on the same schedule as payments to Settlement Class Members under the terms of the Settlement Agreement and will not reduce the amounts paid to Settlement Class Members. 6/22/21 Bonnett Decl. ¶ 31. The basis for the Service Award is set forth in the 6/8/21 Bonnett Decl. ¶¶ 38-43; Pltf. Decl. ¶¶ 4-27.

**C. Distribution of the Settlement Funds**

Under the terms of the Settlement Agreement, Defendants are responsible for making and distributing all payments due under the Agreement. Doc. 100-3 at 12, Section III.J. Defendants have agreed to bear all reasonable costs and expenses associated with mailing the Individual Settlement Amount installments to each Settlement Class Member. *Id*. In addition, Defendants are responsible for calculating, withholding and remitting the

4

correct amount of federal and state payroll taxes, paying the Employer Share of these taxes and issuing appropriate Forms W-2 and 1099 for the amounts identified and paid to each Settlement Class Member in accordance with the Plan of Allocation. *Id*. at 12 & 16-17, Sections III.J & IV.B ; 6/22/21 Bonnett Decl. ¶¶ 27-28.

The first installment of $130,000.00 is due within 60 days of Final Approval. Doc. 100-3 at 14-15, Section IV(A)(a). If entered on June 29, 2021 (the date currently set for the Final Fairness Hearing), the Initial Settlement Payments to Plaintiff, Settlement Class Members and Class Counsel, will be due no later than August 28, 2021. *Id*. If Final Approval is entered on the foregoing date, then the First Installment Payment of the Remaining Settlement Amount in the sum of $145,000.00 will be due no later than November 26, 2021. *Id.* at 15, Section IV(A)(b). The Second Installment Payment and final Remaining Settlement Amount in the sum of $35,000.00 will be due no later than March 26, 2022 (again, assuming Final Approval on June 29, 2021). Id. at 15-16, Section IV(A)(c). These dates and amounts were negotiated and agreed to after considering the impact on the COVID-19 pandemic on Defendants' business model, cash position and projected revenue forecasts. 6/22/21 Bonnett Decl. ¶ 32.

Defendants are required to provide Class Counsel with a declaration of payment within 3 business days after each Settlement Payment is made. Doc. 100-3 at 17, Section IV.C. Second, Defendants are required to provide Class Counsel with information as reasonably requested and notice of return of any Individual Settlement Amount sent to a Settlement Class Member that is returned and to also notify Class Counsel of any settlement check that remains outstanding at the end of six months of mailing. Furthermore, the Parties, through counsel, are required to work together in good faith to effectuate the terms of the Settlement including allowing Class Counsel an opportunity to locate any Settlement Class Member whose settlement check is returned or not cashed and to provide Defendants with an updated address to any returned or uncashed check can be reissued and re-mailed. *Id*. at 17-18.[2]

---

[2] Given that no Class Notices are currently undeliverable and that all payments will be

**Remedies in the Event of Defendants' Failure to Pay the Settlement Amount**

In addition, as set forth in Plaintiffs' Motion for Preliminary Approval (Doc. 104 at 5), the Settlement Agreement includes provisions designed to provide Named Plaintiffs and Settlement Class Members added security in the event Defendants do not comply with their obligations under the Settlement Agreement. First, Defendants have executed a signed confession and stipulation for entry of judgment which is being held in trust by Defense Counsel along with a form of judgment for the Settlement Amount less any payments made by Defendants. See Doc. 100-3 at 4, Section II(C) & at 20, Section VIII; 6/22/21 Bonnett Decl. ¶ 36. If Defendants default on any Installment Payment, Class Counsel can provide notice of default to Defendants through Defense Counsel. See Doc. 100-3 at 4, Section II(C) & at 20, Section VIII. If Defendants do not cure within 21 days of serving notice of default, then the confession and stipulation for entry of judgment along with the form of judgment shall be surrendered to Class Counsel who may file them of record in any court with jurisdiction over any Defendant. Doc. 100-3 at 20, Section VIII. In addition, Defendants are also required under the terms of the Settlement Agreement to provide (and have provided) Class Counsel with certain personal and business financial and tax records and information and to work cooperatively to identify and pledge collateral for security for the amounts due under the terms of the Settlement Agreement. Id. at 16, Section IV(A)(d).

### III.   Distribution of the Class Notice

Pursuant to the Court's Preliminary Approval Order and the terms of the Settlement Agreement, Martin & Bonnett, PLLC mailed the Class Notices to all Settlement Class Members by regular U.S. Mail on May 4, 2021. 6/22/21 Bonnett Decl. at ¶¶ 4-8. Only 7 Notices were returned as undeliverable. *Id*. at ¶ 8. Follow up email communications with the attached Class Notice were sent to these 7 individuals whose Class Notice was returned. Each of these 7 Settlement Class Members contacted Martin

---

made within a year, Class Counsel believes it is unlikely that the Parties will be unable to locate Settlement Class Members.

6

& Bonnett, PPLC, confirmed that they have received the email and Class Notice, and provided updated mailing addresses and contact information. *Id*. Accordingly, no Class Notices are considered undeliverable at this time. The Court approved Class Notice advises Settlement Class Members of the date and time of the Final Fairness Hearing, their Individual Settlement Amounts, and procedures for objecting to or opting out of the Settlement. *Id*. Accordingly, all Settlement Class Members are expected to receive their individual settlement amounts as set forth in the Plan of Allocation. Class Counsel will continue to monitor and oversee the distribution of the individual settlement payments to Settlement Class Members of the 9-month period installment payments are to be made. *Id*. at ¶ 32.

### IV. The Settlement Agreement is Fair, Reasonable, and Adequate.

"Because '[t]he Ninth Circuit has not established the criteria that a district court must consider in determining whether an FLSA settlement warrants approval [,]' … district courts in this Circuit typically apply the standard established by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982)." *Garcia v. Cty. of Los Angeles*, No.153549, 2018 WL 3218212, at *2 (C.D. Cal. May 21, 2018) (quoting *Otey v. CrowdFlower, Inc.*, 2015 WL 6091741, *4 (N.D. Cal. 2015)). *See Villarreal v. Caremark LLC*, No. CV-14-00652-PHX-DJH, 2016 WL 5938705, at *2 (D. Ariz. May 10, 2016) ("Like 'numerous district courts throughout the Ninth Circuit,' this Court, too, is guided by *Lynn's Foods* in deciding whether to approve the parties' Stipulation.") (citing cases). "In 'scrutinizing' a FLSA settlement 'for fairness [,]' a court must decide whether a stipulated settlement agreement 'is a fair and reasonable resolution of a bona fide dispute of FLSA provisions.'" *Villarreal*, 2016 WL 5938705, at *2 (quoting *Lynn's Foods*, 679 F.2d at 1353). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues ... that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

As this case involves both FLSA and Rule 23 classes, application of these factors

7

is appropriate. As stated in the Advisory Committee Notes to the 2018 amendments to Rule 23, Subdivision (e)(2), the central concern in reviewing a proposed class-action settlement is that it be fair, reasonable, and adequate. As amended, Rule 23(e)(2) provides that if a settlement proposal would bind class members the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate" after considering whether (A) class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. As set forth in Plaintiff's motion for preliminary approval, the courts continue to apply the factors used in the Ninth Circuit which are analyzed at length in Plaintiff's preliminary approval motion. "These factors include (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the Class Members to the proposed settlement." *Id.* (citing *Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)). *See In re Online DVD-Rental Antitrust Litig.,* 779 F.3d 934, 944 (9th Cir. 2015).

Each of these factors was addressed in detail in the parties' Joint Motion for Preliminary Approval (Doc. 100) and the supporting 4/27/21 Bonnett Decl. (Doc. 100-1), the 6/22/212 Bonnett Decl, and Plaintiff's and Class Counsel's Motion for Award of Attorneys' Fees, Costs, Expenses and Service Award for Named Plaintiff (Doc. 104) and the declarations filed therewith in support. Docs. 105, 106 & 107 which Plaintiff incorporates herein. As set forth therein, Defendants have agreed to pay a total of

1   $132,002.50 to the Settlement Class allocated between the FLSA Class and the Rule 23
2   Class. 4/27/21 Bonnett Decl. ¶¶ 23-27. Class Counsel estimates that this represents a
3   range of recovery of 56% of the FLSA Class Members maximum recoverable claims
4   when accounting for liquidated damages and 71% of the Rule 23 Class Members'
5   recoverable claims. *Id*. This is an excellent result for Settlement Class Members and
6   exceed recoveries under other settlements that have been determined to be fair and
7   reasonable. *See, e.g. Glass v. UBS Fin. Servs., Inc.*, No. 06–cv–4068 MMC, 2007 WL
8   221862, at *4 (N.D. Cal. Jan. 26, 2007) (finding settlement of wage and hour class action
9   for 25% to 35% of the claimed damages to be reasonable); *Greko v. Diesel U.S.A., Inc.*,
10  10-CV-02576 NC, 2013 WL 1789602, at *5 (N.D. Cal. Apr. 26, 2013) (24% of damages).
11        No Settlement Class Member has opted out or objected to the Settlement
12  Agreement. 6/22/21 Bonnett Decl. at ¶ 10.  This too supports granting final approval. *See*
13  *Chun–Hoon v. McKee Foods Corp*., 716 F.Supp.2d 848, 852 (N.D.Cal.2010) (noting that
14  zero objections); *Cruz v. Sky Chefs, Inc.*, C-12-02705 DMR, 2014 WL 7247065, at *5
15  (N.D. Cal. Dec. 19, 2014) ("A court may appropriately infer that a class action settlement
16  is fair, adequate, and reasonable when few class members object to it."). Similarly, the
17  participation rate of opt-ins is not disproportionate with other approved FLSA
18  settlements. *See, e.g. Padron v. Golden State Phone & Wireless*, 16-CV-04076-BLF,
19  2018 WL 2234550, at *5 (N.D. Cal. May 16, 2018) (19.35% participation rate); *Scott v.*
20  *Aetna Servs., Inc.*, 210 F.R.D. 261, 266 (D. Conn. 2002) (7.8% opt-in rate for FLSA
21  class).

## V.   Conclusion

23        For the foregoing reasons, and for the reasons set forth in parties' Joint Motion for
24  Preliminary Approval (Doc. 100), Plaintiff's and Class Counsel's Motion for Award of
25  Attorneys' Fees, Costs, Expenses, and Service Awards, (Doc. 104), and the Declarations
26  of Daniel Bonnett, Meenoo Chahbazi and Ioana Samartinean (Docs 100-2, 105, 106 &
27  107) Plaintiff respectfully requests that the Court enter the proposed Order of Final
28  Approval submitted as Exhibit E (Doc. 100-3 at 41-46) with the parties Joint Motion for

Preliminary Approval and grant the following relief:

    (1)    adjudging the Settlement to be fair, reasonable and adequate;

    (2)    ordering that the Settlement Agreement is granted Final Approval, directing consummation of the terms and provisions of the Settlement Agreement, and requiring the Parties to take the necessary steps to effectuate the terms of the Settlement;

    (3)    entering final judgment incorporating the terms and conditions of the Settlement Agreement and directing the Parties and Counsel to fully and completely comply with all terms and conditions of the Settlement;

    (4)    determining pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure that the Class Notice constitutes the best notice practicable under the circumstances, and that due and sufficient notice of the Final Fairness Hearing and the rights of all members to all Settlement Class Members has been provided;

    (5)    determining that Defendants complied with CAFA and its notice obligations by providing appropriate federal and state officials with information about the Settlement Agreement;

    (6)    ordering that: 1) each FLSA Opt-In Class Member shall be conclusively deemed to have, and by operation of the final judgment shall have, fully, finally and forever settled, released, relinquished, waived, and discharged Defendants from FLSA claims up through the date of Final Approval; 2) each Rule 23 Class Member shall be conclusively deemed to have, and by operation of the final judgment shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants from Arizona Wage Act claims up through the date of Final Approval;

    (7)    approving the Plan of Allocation and awarding settlement payments consistent with the terms of the Agreement and Exhibit A to the Settlement;

    (8)    awarding the Service Award to Named Plaintiff pursuant to Exhibit A to the Settlement Agreement consistent with the terms of the Agreement;

    (9)    ordering the Parties' submission to, and this Court's continuing retention

of, exclusive jurisdiction over this matter for the purpose of effectuating and supervising the enforcement, interpretation or implementation of the settlement, and resolving any disputes that may arise hereunder.

Respectfully submitted this 22nd day of June, 2021.

**MARTIN & BONNETT, P.L.L.C**.

By: s/Daniel L. Bonnett
Susan Martin
Daniel Bonnett
Jennifer Kroll
4647 N. 32nd Street, Suite 185
Phoenix, AZ 85018

**CHAHBAZI LAW, P.L.L.C.**

By: s/Meenoo Chahbazi
Meenoo Chahbazi
4742 N. 24th Street, Suite 300
Phoenix, AZ 85016
Telephone: (602) 282-5868

*Attorneys for Plaintiff and the Putative Class*