# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ioana Samartinean,<br><br>        Plaintiff,<br><br>v.<br><br>Dog Butlers LLC, et al.,<br><br>        Defendants. | No. CV-19-05351-PHX-DLR<br><br>**ORDER GRANTING FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT** |

THIS MATTER COMING before this Court for hearing on Final Approval of the Parties' Collective and Class Action Settlement pursuant to the Court's Orders entered April 27, 2021 and May 3, 2021, (Docs. 101 and 103), now upon application for approval of the Settlement (Doc. 113) and due and adequate notice having been given to the members of the Settlement Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein, including the Final Fairness Hearing held on June 29, 2021, to determine the fairness of the Settlement and Named Plaintiff's and Class Counsel's Motion for Attorneys' Fees and Costs and for Service Award, (Doc. 104), and otherwise being fully informed in the premises and for good cause appearing therefore, the Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members and further finds that Named Plaintiff's and Class Counsel's Motions for a Service Award and Attorneys' Fees and Costs and for are fair and reasonable. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Final Approval of Class Action

Settlement Agreement and Plaintiff's and Class Counsel's Motion for Award of Attorneys' Fees, Costs, Expenses, and Service Award for Named Plaintiff (Docs. 113, 104) are GRANTED.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. This Order and Judgment approving the Settlement Agreement incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms herein shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Lawsuit and over all of the Settlement Class Members.

3. After consideration of the evidence, the Court finds that the mailing of the Class Notice constituted the best notice practicable under the circumstances, and that such individual notice to all Class Members constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Settlement Agreement, finds that said settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Settlement Class Members, directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Settlement Agreement, and orders all Parties to take the necessary steps to effectuate the Settlement as set forth in the Settlement Agreement.

5. Defendants have complied with the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 and its notice obligations by providing appropriate federal and state officials with information about the Settlement.

6. The Court hereby approves the following findings of fact:

   A. Class Counsel has vigorously prosecuted this case and conducted a thorough and adequate investigation of the governing law, relevant facts and

relevant documents. Plaintiff served written discovery requests on each Defendant in April 2020, including interrogatories and requests for production. Defendants' responses to Plaintiff's discovery requests included hundreds of pages of documents and substantial amounts of electronically stored information (ESI). In their responses, Defendants provided all of their available time and pay records for all of the putative Class Members for the period on and after October 2016. Defendants' responses also included documents and ESI such as information and instructions on the mobile application used by Pet Care Providers and various Dog Butlers policies and procedures. Class Counsel also obtained from Defendants additional payroll and time record data. In all, the data consisted of over 130,000 time entries and thousands of individual pay records dating back to the year 2016. Class counsel undertook a full review of the data and conducted extensive analysis of the claims. Class Counsel has information on which to make an informed decision about the settlement.

B.    The Settlement provides for $310,000.00, which will be allocated for payment of Individual Settlement Amounts to Settlement Class Members, an award to Class Counsel of fees and costs, and a Service Award to Named Plaintiff. The payments will be made pursuant to the Plan of Allocation set forth in Exhibit A to the Settlement Agreement.

C.    The Settlement eliminates the risks inherent in continuing the litigation in this case, including the risk that the FLSA Opt-In Class could be decertified and/or that the Rule 23 Class may not be certified and that there could eventually be no monetary recovery for Settlement Class Members.

D.    Given the complexity of the issues, the risks to the Settlement Class Members and the further delay that would be entailed in continued litigation, and the potential subsequent appeal of any judgment after trial, the

Settlement is fair, reasonable and in the best interests of the Settlement Class Members.

E.  Considering the rulings to date, the uncertainty of the outcome of an eventual trial and appeal, and the expected duration of litigation, the amount offered in the Settlement, which Class Counsel identifies as between approximately 56% - 71% of potential liability is highly favorable.

F.  Class Counsel has extensive experience in FLSA and class and collective action litigation and Class Counsel is therefore well equipped to negotiate a fair settlement for Named Plaintiff and the Settlement Class Members. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the Lawsuit and because of their extensive experience in similar actions. Based on their analysis and evaluation of the relevant factors, Class Counsel represented that it is satisfied that the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for Class Members.

G.  The Settlement is the result of an arm's length adversarial negotiation and mediation process. The parties engaged in mediation with retired United States District Court Judge Mark Bennett, who is a nationally recognized and highly experienced retired judge and mediator with substantial complex class action and FLSA knowledge.

H.  All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort and resources to secure the terms of the Settlement and to ensure a fair, adequate and equitable distribution of the settlement amounts.

I.  As set forth in the motion for attorneys' fees and costs and for a Service Award, (Doc. 104), Class Counsel's Fee Application, which consisted of a request for an amount for attorney's fees of $3,345.40 and

$164,652.10 in costs for a total of $167,997.50 and the Service Award of $10,000 for the Named Plaintiff and is fair, reasonable and appropriate in accordance with the standards set forth in this Circuit. The amount awarded for attorneys' fees and costs represents an award of attorney's fees and costs reasonably expended in prosecuting the Lawsuit.

7. The terms and provisions of the Settlement as embodied by the parties' Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure and the Rules of this Court and any other applicable law or due process requirements. The Parties are hereby directed to comply with the terms of the Settlement Agreement and this Order and Final Judgment.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this case.

Dated this 8th day of July, 2021.

Douglas L. Rayes
United States District Judge